UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN WESLEY, JR. EL, | ) | CASE NO. 4:06 CV 2782 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| T.R.SNIEZEK, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On November 16, 2006, pro se plaintiff John Wesley, Jr. El filed this action under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, against Elkton Federal Correctional Institution ("FCI-Elkton") Warden T.R. Sniezek. In the complaint, plaintiff alleges that a Bureau of Prisons ("BOP") policy affects his practice of his religion. He seeks injunctive relief.

## Background

Mr. Wesley El's complaint is very brief. He alleges that:

> Bureau of Prisons policy statement 5360.09...restricts my religious belief by changing it from an inmate led service, which it has been since the opening of this institution here at Elkton, Ohio to a staff supervised only service which greatly decrease [sic] propagation and worship." (Compl. at 1.) Because there are many groups, classes and programs in the Education, Recreation and Housing Units departments of the institution which are inmate led, this policy is in

> violation of the Discrimination and Exclusion section of the RLUIPA § 2000cc(b)(1).
>
> This policy statement further restricts my religious belief by forcing my religious service to be held at the same time as the Sunni branch of Islam service; and because the Sunni service and rituals changes [sic] time with astronomical events, such as Daylight Saving Time etc..., due to the use of the lunar calendar associated to the Arabic world, this cause [sic] my religious belief to be de-stabilized in its meeting time to accommodate staff supervision of the Sunni service.

(Compl. at 1-2.)  He asks that the court "allow [him] to worship under my religious belief without any molestation and/or alien influence by any other religious belief and/or secular entity... ." (Compl. at 2.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

RLUIPA provides that the government shall not "impose a substantial burden on the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

religious exercise of a person residing in or confined to an institution," unless the burden furthers a "compelling government interest" and does so by "the least restrictive means." 42 U.S.C. §2000cc-1(a)(1)-(2). In applying this test, the court must give deference to the prison officials who are responsible for creating and establishing policies and maintaining order and security. Hoevenaar v. Lazaroff, 422 F.3d 366, 370 (6th Cir. 2006).

Mr. Wesley El objects to BOP Policy Statement No. P5360.09(7)(d), which states that inmate-led religious programs are required to have constant staff supervision. Mr. Wesley El indicates that prior to the enactment of this policy statement in 2004, staff supervision was not required for inmate-led services. He believes that the addition of this requirement violates the RLUIPA. He also contends that it forces his religious ceremony to be held at the same time the Sunni service. Because the time of the Sunni service is dependant on "astronomical events, such as Daylight Saving Time," his service times also change. Although this claim is not well stated, it appears that Mr. Wesley El would like for his religious services to be held at the same time all year, without adjustment.

Mr. Wesley El fails to state a claim for violation of the RLUIPA. He gives no indication of the religion which he practices, the belief that is substantially burdened by the supervision of FCI-Elkton Staff, or the belief which is burdened by the flexible service times. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). The claims are

stated merely as legal conclusions. Legal conclusions alone, however, are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 3/6/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE